Todd **CURLEY**, Petitioner

v.

**Shirley R. Moore SMEAL (Acting Secretary of Corrections), John Kerestes (SCI Mahanoy Superintendent), Joseph Nevis (PA D.O.C. Inmate Accounts), Edward Sandercock (Wayne County Clerk of Courts) et al., Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 24, 2012.

Decided March 14, 2012.

Todd Curley, pro se.

Travis S. Anderson, Assistant Counsel, Mechanicsburg, for respondents Pennsylvania Department of Corrections, John Kerestes and Joseph Nevis.

Ronnie J. Fischer, Honesdale, for respondent Edward Sandercock.

BEFORE: PELLEGRINI, President Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY President Judge PELLEGRINI.

Before this Court are two motions for judgment on the pleadings: one filed by Shirley R. Moore Smeal, Acting Secretary of Corrections; John Kerestes, Superintendent of the State Correctional Institution at Mahanoy (SCI–Mahanoy); and Joseph Nevis, from the Pennsylvania Department of Corrections Inmate Accounts (collectively, the Department), and the other filed by Edward Sandercock, Wayne County Clerk of Courts (Clerk of Courts), both in response to a petition for review filed by Todd Curley (Curley), an inmate, who alleges that the Department and the Clerk of Courts have been deducting funds from his personal inmate account for seven years without a sentencing court order. For the reasons that follow, we grant both the Department's and the Clerk of Court's motions for judgment on the pleadings.

On October 3, 2002, Curley pled *nolo contendere* to a charge of second-degree murder in the Wayne County Court of Common Pleas of the 22nd Judicial District (trial court) and was sentenced to life in prison. His written sentencing order from the trial court did not state that he was sentenced to pay costs, fines or any other financial obligation. Curley did, however, complete a written guilty plea colloquy that was filed with the trial court in which he agreed to pay all costs of

prosecution.[1] Curley was committed to the custody of the Department to serve his sentence at SCI–Mahanoy at which time the Clerk of Courts transmitted his sentencing order and several certificates of cost. The certificates itemized $16,045.73 in court costs and fees.

On November 5, 2002, pursuant to 42 Pa.C.S. § 9728(b)(5)[2] (Act 84), the Department began making deductions from Curley's inmate account to satisfy the court costs itemized on the certificates of costs. In August 2004, Curley filed a petition for order to suspend or vacate fines, costs and restitutions in the trial court which the trial court dismissed. Approximately five-and-a-half years later, on December 28, 2009, Curley wrote to the Department regarding the deductions alleging that they should not have been made without a sentencing court order, and the deductions ceased while the Department looked into the matter. Curley subsequently filed an official inmate grievance with the Department, which the Department denied. From 2002 to 2009, the Department deducted 20 percent of all money from Curley's personal inmate account for a total of $5,140.64.

After exhausting his administrative remedies, on February 7, 2011, Curley filed an amended petition for review in our original jurisdiction against the Department and the Clerk of Courts alleging that because the trial court never issued an order at his sentencing hearing directing him to pay any court costs, the Department illegally deducted those costs from his inmate account and the Clerk of Courts illegally assessed the money received from the Department and refused to return the money. Against the Department, he seeks a permanent injunction barring further deductions, a declaratory judgment that the Department acted without authority in making previous deductions and reimbursement for all deducted funds along with the costs of bringing this action. Against the Clerk of Courts, he seeks a declaratory judgment that the Clerk of Courts received and/or collected the money deducted from his account without authority and requests this Court to issue a permanent injunction to prevent the Clerk of Courts from accepting or collecting any money from the Department which has been deducted from his inmate account for the collection of fines, fees, costs and restitution.

Both the Department and the Clerk of Courts filed an answer and under new matter, raised the affirmative defenses of the statute of limitations, equitable estoppel, and, in the case of the Department, laches, stating that Curley failed to file his action until November 12, 2010, more than two years after he became aware of the Act 84 deductions from his inmate account.

■■■ The Department and the Clerk of Courts have each filed a motion for judgment on the pleadings essentially

---

1. He also agreed to pay all laboratory user fees and to make full restitution on all counts.

2. 42 Pa.C.S. § 9728(b)(5) provides the following:

> The county correctional facility to which the offender has been sentenced or the Department of Corrections *shall be authorized to make monetary deductions from inmate personal accounts for the purpose of* collecting restitution *or any other court-ordered obligation.* Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

(Emphasis added.)

making three arguments: statute of limitations, equitable estoppel and laches.[3] Addressing the statute of limitations argument first, the Department and the Clerk of Courts allege that Curley was aware since 2002 when he signed the colloquy that he would have to pay for court costs. Further, in 2004, he filed an action with the trial court alleging that he was having his funds deducted for costs of prosecution but he was having a hard time because he did not have the ability to pay those costs. However, in response to those arguments, Curley alleges that he only became aware in 2009 from a jailhouse lawyer that a court order from the sentencing court was mandated before the Department could deduct funds from his account, and that no such order was ever handed down by the sentencing court.

■ Section 5522(b)(1) of the Judicial Code, 42 Pa.C.S. § 5522(b)(1), provides that a plaintiff bringing an action against "any officer of any government unit for anything he does in the execution of his office" has six months from the date of the injury to file a claim. In a request for mandamus, the statute of limitations begins to run when the cause of actions

accrues, i.e., when the injury is inflicted and the right to institute a suit for damages arises. *Gleason v. Borough of Moosic,* 609 Pa. 353, 15 A.3d 479 (2011). The party seeking to bring the action has the affirmative duty to use all reasonable diligence to learn the facts and circumstances that form the right of recovery and to bring the suit within the prescribed time period. *Id.* A lack of knowledge, mistake or misunderstanding does not toll the statute of limitations when requesting mandamus. *E.D.B. v. Clair,* 605 Pa. 73, 987 A.2d 681 (2009).

■ In this case, because Curley has requested relief in mandamus, his petition is time barred as the applicable statute of limitations is six months, and the injury was inflicted in 2002 when the Department started making the deductions.[4] Even though Curley stated that he only became aware of the information from the jailhouse lawyer on December 31, 2009, a lack of knowledge does not toll the statute of limitations in a mandamus action, which would have been six months after the Department began deducting the money in 2002.[5] Consequently, he is not entitled to

---

**3.** This Court reviews the subject motion for judgment on the pleadings filed pursuant to Pa. R.C.P. No. 1034 to determine whether there exists any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Pennsylvania Association of Township Supervisors v. Department of General Services,* 666 A.2d 1153 (Pa. Cmwlth.1995). A motion for judgment on the pleadings addressed to this Court's original jurisdiction is in the nature of a demurrer, and we must consider as true the non-moving party's allegations of fact. We may consider against the non-moving party only those allegations admitted by the non-moving party. *Montgomery Hospital v. Medical Professional Liability Catastrophe Loss Fund,* 686 A.2d 432 (Pa.Cmwlth.1996). If the Court determines that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law, the Court shall enter

judgment in favor of the moving party. Pa. R.C.P. No. 1034(b).

**4.** We note that this is not a continuing violation. *See Casner v. American Federation of State, County and Municipal Employees,* 658 A.2d 865, 871 (Pa.Cmwlth.1995) (adopting a rationale that a continuing violation occurred "would effectively render the limitation period for any cause of action alleging loss of payment meaningless when the payment is received on a regular basis. '[T]he purpose of a statute of limitations is to bar stale claims and avoid problems of proof arising from stale memories.' ")

**5.** Based on how we have decided the outcome of this case, we will not address whether Curley's actions are barred by equitable estoppel or laches.

the return of the money the Department deducted from his inmate account.

Accordingly, the Department's and the Clerks of Court's motions for judgment on the pleadings are granted and Curley's amended petition for review is dismissed.

### ORDER

AND NOW, this 14th day of March, 2012, the motions for judgment on the pleadings filed by Shirley R. Moore Smeal, John Kerestes, Joseph Nevis and Edward Sandercock are granted. The amended petition for review filed by Todd Curley is dismissed.