# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Keith Dodgson, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 540 M.D. 2014 |
| | : | |
| The Pennsylvania State Police of the | : | Argued: September 16, 2015 |
| Commonwealth of Pennsylvania, | : | |
| | : | |
| Respondent | : | |

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
HONORABLE BERNARD L. McGINLEY, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE MARY HANNAH LEAVITT, Judge[2]
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**[3]                    **FILED:  January 14, 2016**

Before this Court in our original jurisdiction are the Preliminary Objections (POs) in the nature of a demurrer of the Pennsylvania State Police (PSP) to Keith

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[3] This matter was reassigned to the authoring judge on December 8, 2015.

Dodgson's (Petitioner) "Amended Petition for Review in the Nature of a Writ of Mandamus Seeking to Compel the [PSP] to Change Petitioner's Sexual Offender Registration Status in Accordance with the Law Addressed to the Court's Original Jurisdiction" (Petition for Review). Petitioner alleges that the current registration and internet notification requirements imposed upon him by the Sexual Offender Registration and Notification Act (SORNA)[4] are unconstitutional. According to Petitioner's allegations, SORNA infringes on his protected right to reputation without due process of law, retroactively increases the terms of his registration requirement, and creates a severe hardship upon him by publishing registration information on the PSP's public website with, unlike previous enactments of the law commonly referred to as Megan's Law,[5] no means of relief. (Petition for

---

[4] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41. Courts have also referred to SORNA as the Adam Walsh Act. SORNA is the General Assembly's fourth iteration of the law commonly referred to as Megan's Law. Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II was enacted on May 10, 2000 in response to Megan's Law I being ruled unconstitutional by our Supreme Court in Commonwealth v. Williams, 733 A.2d 593 (Pa. 1999). Our Supreme Court held that some portions of Megan's Law II were unconstitutional in Commonwealth v. Gomer Williams, 832 A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III on November 24, 2004. The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011 with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. § 9799.10(1). SORNA went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. Commonwealth v. Neiman, 84 A.3d 603, 616 (Pa. 2013). However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

[5] Section 9795.5(a)(1) of Megan's Law III, 42 Pa. C.S. § 9795.5(a)(1) (expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.41), provided certain sexual offenders with

*(Continued…)*

2

Review ¶¶ 11-12, 16-20.)  The PSP objects, in five POs, to the Petition for Review by alleging that Petitioner has failed to state a claim.  For the reasons set forth in this Court's opinion in <u>Taylor v. The Pennsylvania State Police</u>, ___A.3d___ (Pa. Cmwlth., No. 532 M.D. 2014, filed January 12, 2016) (*en banc*), which involved almost identical claims and POs, we overrule the PSP's POs.

Petitioner pled guilty to one count of Involuntary Deviate Sexual Intercourse (IDSI) with Person Less Than 16 Years of Age[6] and Sexual Abuse of Children[7] in

---

the right to petition sentencing courts to exempt them from the internet notification provision of Section 9798.1 of Megan's Law III, 42 Pa. C.S. § 9798.1 (expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.41), which

> provided [that] no less than 20 years have passed since the individual has been convicted in this or any other jurisdiction of any offense punishable by imprisonment for more than one year, or the individual's release from custody following the individual's most recent conviction for any such offense, whichever is later.

42 Pa. C.S. § 9795.5(a)(1).

[6] Section 3123(a)(7) of the Crimes Code, 18 Pa. C.S. § 3123(a)(7).  The offense is defined as:

> [a] person engages in deviate sexual intercourse with a complainant: . . . (7) who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other.

<u>Id.</u>

[7] Section 6312(a) of the Crimes Code, 18 Pa. C.S. § 6312(a) (deleted by Section 1 of the Act of July 14, 2009, P.L. 63).  Sexual Abuse of Children relates to the "[p]hotographing, videotaping, depicting on a computer or filming [prohibited] sexual acts" involving "a child under the age of 18 years," the dissemination of those materials, or "intentionally view[ing] or knowingly possess[ing], *inter alia*, such materials, 18 Pa. C.S. § 6312(b)-(d), and, under the deleted provision, "prohibited sexual act" included

*(Continued…)*

3

1997, "resulting in a sentence of twelve (12) years of incarceration." (Petition for Review ¶ 3.) Petitioner began registering as a sexual offender with the PSP under Megan's Law III on October 29, 2009 in anticipation of his release from incarceration. (Petition for Review ¶ 8.) On December 3, 2012, Petitioner was notified by the PSP that, as a result of the enactment of SORNA, he was now classified as a Tier III offender and was required to register as a sexual offender for life, register four times each year, and have his registration information placed on the PSP's website for life. (Petition for Review ¶ 10.)

Petitioner filed his initial Petition for Review on October 14, 2014 and filed the amended version at issue here on January 28, 2015. Therein, Petitioner alleges that: (1) SORNA retroactively increased the terms and period of his registration and imposes severe hardships upon him by placing him on the PSP's website with, unlike Megan's Law III, no means to request exemption from being listed on the website; (2) SORNA "is not tailored to meet the desired government[al] interest" of protecting the population from recidivists; and (3) SORNA infringes upon his constitutionally protected interest to reputation without due process of law by utilizing an irrebuttable presumption that all sexual offenders pose a high risk of re-offense that is not universally true and that alternative means to assess sexual

---

sexual intercourse as defined in section 3101 (related to definitions), masturbation, sadism, masochism, bestiality, fellatio, cunnilingus, lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction.

18 Pa. C.S. § 6312(a).

offenders' recidivism risks exist. (Petition for Review ¶¶ 11-13, 16-21.)[8] Petitioner seeks an order declaring that SORNA's lifetime registration requirement is unconstitutional and exempting Petitioner from registering four times a year. (Petition for Review, Wherefore Clause.)

In its POs, the PSP first alleges that Petitioner has failed to state a claim because SORNA applies to Petitioner and Petitioner was properly classified under SORNA.[9] (POs ¶¶ 28-41.) The PSP's next two objections to the Petition for Review, set forth in the same PO, are rooted in an understanding that Petitioner is asserting a cause of action in mandamus. (POs ¶¶ 42-53.) The PSP's first objection in this regard alleges that mandamus will not lie against the PSP because Petitioner's claims are barred by the six-month statute of limitations applicable to these actions. The PSP cites to Curley v. Smeal, 41 A.3d 916, 919 (Pa. Cmwlth. 2012) (Curley I), aff'd but criticized sub nom., Curley v. Wetzel, 82 A.3d 418 (Pa. 2013) (Curley II), as standing for the proposition that actions against a government officer "'for anything he does in the execution of his office'" are subject to a six-month limitations period that begins to accrue "'when the injury is inflicted and the

---

[8] Petitioner argues in his brief that SORNA should not apply to him because he entered a plea agreement with the Commonwealth that only required him to register for ten years and that SORNA impairs the obligations of his plea agreement in violation of the Contract Clauses of the United States and Pennsylvania Constitutions. (Petitioner's Br. at 11-13.) This argument was not raised in the Petition for Review and we will not consider it. Coppolino v. Noonan, 102 A.3d 1254, 1280 (Pa. Cmwlth. 2014) (stating that "failure to raise an issue in a petition for review or to amend the petition to review to include that issue results in waiver"), aff'd, __ A.3d __ (Pa., No. 132 MAP 2014, filed November 20, 2015).

[9] Petitioner does not allege that SORNA does not apply to him or that he is improperly classified. We shall, therefore, overrule this PO.

right to institute a suit for damages arises.'" (POs ¶ 43 (quoting Curley I, 41 A.3d at 919).) According to the PSP, Petitioner's right to institute a suit arose on December 20, 2012, the date SORNA's requirements became effective, and the statute of limitations ran on June 20, 2013. (POs ¶¶ 46-47.) Because the instant suit was originally filed on October 14, 2014, well after June 20, 2013, Petitioner's claims are barred by the six-month statute of limitations. (POs ¶ 48.) The PSP's PO alleges, in the alternative, that even if Petitioner's claims are not barred by the statute of limitations, mandamus will not lie against the PSP because Petitioner does not have a clear legal right to the relief sought, and the PSP lacks the duty and authority to provide such relief. (POs ¶¶ 49-53.)

The PSP also objects to Petitioner's due process challenges on their merits.[10] The PSP demurs to Petitioner's due process challenges under three theories. First, PSP alleges that "'whether the additional sanctions imposed under Megan's Law II are punitive in nature is the threshold due process inquiry.'" (POs ¶ 55 (quoting Commonwealth v. Gomer Williams, 832 A.2d 962, 970 n.13 (Pa. 2003).) Because this Court in Coppolino v. Noonan, 102 A.3d 1254 (Pa. Cmwlth. 2014), aff'd, __ A.3d __ (Pa., No. 132 MAP 2014, filed November 20, 2015) and the Superior Court in Commonwealth v. Perez, 97 A.3d 747 (Pa. Super. 2014) held that

---

[10] We construe Petitioner's allegations in paragraphs 11 and 12 of the Petition for Review, alleging that Petitioner's terms and period of registration were retroactively increased and that, unlike previous versions of Megan's Law, SORNA provides no means for Petitioner to gain an exemption from the internet notification provision of SORNA, as asserting challenges under the Ex Post Facto clauses of the United States and Pennsylvania Constitutions. The PSP does not object to these constitutional challenges. Accordingly, Petitioner's ex post facto claims as set forth in paragraphs 11 and 12 of the Petition for Review must be answered.

SORNA's requirements are not punitive, Petitioner's due process challenge also fails. (POs ¶¶ 56-57.)

Next, the PSP alleges that the United States Supreme Court's decision in Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 8 (2003) (Connecticut II), established that Petitioner does not have a procedural due process right to challenge his registration requirement based on factors that "'are [not] relevant under the statutory scheme.'" (POs ¶ 59 (quoting Connecticut II, 538 U.S. at 8).) According to the PSP's allegations, no factors, apart from the offense committed, are relevant under SORNA and, as such, Petitioner has failed to state a due process claim. (POs ¶¶ 62-66.)

Finally, the PSP alleges that SORNA's irrebuttable presumption that all sexual offenders required to register pose a high risk of recidivism poses no constitutional concerns. (POs ¶¶ 67-75.) The PSP notes that the Pennsylvania Supreme Court, in In re J.B., 107 A.3d 1 (Pa. 2014), recently struck down portions of SORNA as applied to juvenile offenders, but alleges that the Supreme Court's holding in that case does not apply to adult sexual offenders. (POs ¶¶ 69-73.) Furthermore, the PSP alleges that controlling authority from both the United States and Pennsylvania Supreme Courts support the legislative finding that "'[s]exual offenders pose a high risk of committing additional sexual offenses.'" (POs ¶ 74 (quoting Section 9799.11(a)(4) of SORNA, 42 Pa. C.S. § 9799.11(a)(4)).) The PSP alleges that, because Petitioner cannot prove that it is not universally true that adult sexual offenders pose a high risk of recidivating, Petitioner's due process claims under the Pennsylvania Constitution fail as a matter of law. (POs ¶ 75.)

7

We addressed and resolved nearly identical averments and corresponding POs in <u>Taylor</u>[11] and adopt the rationale set forth therein to resolve the POs in this matter. In accordance with <u>Taylor</u>, we overrule the PSP's POs.

_____
**RENÉE COHN JUBELIRER, Judge**

---

[11] The instant case was argued with <u>Taylor</u> and six other cases.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Dodgson,                                :
                                             :
                    Petitioner               :
                                             :
          v.                                 :      No. 540 M.D. 2014
                                             :
The Pennsylvania State Police of the         :
Commonwealth of Pennsylvania,                :
                                             :
                    Respondent               :

## O R D E R

   **NOW**, January 14, 2016, the Pennsylvania State Police's (PSP) Preliminary Objections to the Amended Petition for Review in the above-captioned matter are **OVERRULED**.  The PSP shall file an Answer to Keith Dodgson's (Petitioner) claims set forth in Petitioner's Amended Petition for Review within thirty (30) days of the date of this Order.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Dodgson, : 
                    Petitioner        : 
                                      : 
            v.                        :    No. 540 M.D. 2014
                                      :    Argued:  September 16, 2015
The Pennsylvania State Police of the  : 
Commonwealth of Pennsylvania,         : 
                    Respondent        : 


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge


**OPINION NOT REPORTED**


**CONCURRING AND DISSENTING**
**OPINION BY JUDGE LEADBETTER**          **FILED:  January 14, 2016**


For the reasons stated in *Taylor v. Pennsylvania State Police* (Pa. Cmwlth., No. 532 M.D. 2014, filed January 12, 2016), I must respectfully dissent in part from and concur in part in the decision of the majority.


_____
**BONNIE BRIGANCE LEADBETTER,**
Judge