# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arthur W. McElyea,           :
                                 :
                 Petitioner     :
                                   :
             v.                  :     No. 539 M.D. 2014
                                   :
The Pennsylvania State Police of the  :     Argued: September 16, 2015
Commonwealth of Pennsylvania,      :
                                   :
              Respondent   :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
                  HONORABLE BERNARD L. McGINLEY, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE MARY HANNAH LEAVITT, Judge[2]
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**[3]           **FILED: January 14, 2016**

Before this Court in our original jurisdiction are the Preliminary Objections (POs) in the nature of a demurrer of the Pennsylvania State Police (PSP) to Arthur

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[3] This matter was reassigned to the authoring judge on December 8, 2015.

W. McElyea's (Petitioner) "Amended Petition for Review in the Nature of a Writ of Mandamus Seeking to Compel the [PSP] to Change Petitioner's Sexual Offender Registration Status in Accordance with the Law Addressed to the Court's Original Jurisdiction" (Petition for Review). Petitioner alleges that the current registration and internet notification requirements imposed upon him by the Sexual Offender Registration and Notification Act (SORNA)[4] are unconstitutional. According to Petitioner's allegations, SORNA infringes on his protected right to reputation without due process of law and is an ex post facto law because it retroactively increases his registration period and, unlike previous enactments of the law commonly referred to as Megan's Law,[5] provides no means of relief from

---

[4] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41. Courts have also referred to SORNA as the Adam Walsh Act. SORNA is the General Assembly's fourth iteration of the law commonly referred to as Megan's Law. Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II was enacted on May 10, 2000 in response to Megan's Law I being ruled unconstitutional by our Supreme Court in Commonwealth v. Williams, 733 A.2d 593 (Pa. 1999). Our Supreme Court held that some portions of Megan's Law II were unconstitutional in Commonwealth v. Gomer Williams, 832 A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III on November 24, 2004. The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011 with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. § 9799.10(1). SORNA went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. Commonwealth v. Neiman, 84 A.3d 603, 616 (Pa. 2013). However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

[5] Section 9795.5(a)(1) of Megan's Law III, 42 Pa. C.S. § 9795.5(a)(1) (expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.41), provided certain sexual offenders with the right to petition sentencing courts to exempt them from the internet notification provision of

*(Continued…)*

2

being listed on the PSP's public website. The PSP objects, in five POs, to the Petition for Review by alleging that Petitioner has failed to state a claim. For the reasons set forth in this Court's opinion in Taylor v. The Pennsylvania State Police, ___A.3d___ (Pa. Cmwlth., No. 532 M.D. 2014, filed January 12, 2016) (*en banc*), which involved almost identical claims and POs, we sustain the POs in part and overrule the POs in part.

Petitioner was convicted of Indecent Assault of Person Less Than 13 Years of Age[6] and Corruption of Minors[7] in 2002, "resulting in a sentence of eleven and a

Section 9798.1 of Megan's Law III, 42 Pa. C.S. § 9798.1 (expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.41), which

> provided [that] no less than 20 years have passed since the individual has been convicted in this or any other jurisdiction of any offense punishable by imprisonment for more than one year, or the individual's release from custody following the individual's most recent conviction for any such offense, whichever is later.

42 Pa. C.S. § 9795.5(a)(1).

[6] Section 3126(a)(7) of the Crimes Code, 18 Pa. C.S. § 3126(a)(7). This offense is defined as

> [a] person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and: . . . (7) the complainant is less than 13 years of age.

Id.

[7] Section 6301(a) of the Crimes Code, 18 Pa. C.S. § 6301(a). The offense is defined as:

(1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any

*(Continued…)*

3

half (11½) to twenty-three (23) months incarceration and three years of probation." (Petition for Review ¶ 3.)  The law in effect at the time of Petitioner's sentencing, Megan's Law II, required Petitioner to register as a sexual offender for ten years and Petitioner began registering as a sexual offender with the PSP in March 2004. (Petition for Review ¶¶ 4-6.)  On December 3, 2012, Petitioner was notified by the PSP that, as a result of the enactment of SORNA, he was now classified as a Tier III offender and was required to register as a sexual offender for life, register four times each year, and have his registration information placed on the PSP's website for life.  (Petition for Review ¶ 8.)

Petitioner filed his initial Petition for Review on October 14, 2014 and filed the amended version at issue here on January 27, 2015.  Therein, Petitioner alleges that:  (1) SORNA is an ex post facto law as it retroactively increased the terms and

---

minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

(2) Any person who knowingly aids, abets, entices or encourages a minor younger than 18 years of age to commit truancy commits a summary offense.  Any person who violates this paragraph within one year of the date of a first conviction under this section commits a misdemeanor of the third degree.  A conviction under this paragraph shall not, however, constitute a prohibition under section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms).

Id.

period of his registration and imposes severe hardships upon him by placing him on the PSP's website with, unlike Megan's Law III, no means to request exemption from being listed on the website; (2) SORNA "is not tailored to meet the desired government[al] interest" of protecting the population from recidivists; and (3) SORNA infringes upon his constitutionally protected interest to reputation without due process of law by utilizing an irrebuttable presumption that all sexual offenders pose a high risk of re-offense that is not universally true and that alternative means to assess sexual offenders' recidivism risks exist. (Petition for Review ¶¶ 9-12, 14-20.) Petitioner seeks an order changing his registration requirements, declaring that SORNA's lifetime registration requirement is unconstitutional, and exempting Petitioner from registering four times per year. (Petition for Review, Wherefore Clause.)

In its POs, the PSP first alleges that Petitioner has failed to state a claim because SORNA applies to Petitioner and Petitioner was properly classified under SORNA.[8] (POs ¶¶ 27-36.) The PSP's next two objections to the Petition for Review, set forth in the same PO, are rooted in an understanding that Petitioner is asserting a cause of action in mandamus. (POs ¶¶ 37-48.) The PSP's first objection in this regard alleges that mandamus will not lie against the PSP because Petitioner's claims are barred by the six month statute of limitations applicable to these actions. The PSP cites to Curley v. Smeal, 41 A.3d 916, 919 (Pa. Cmwlth. 2012) (Curley I), aff'd but criticized sub nom., Curley v. Wetzel, 82 A.3d 418 (Pa.

---

[8] Petitioner does not allege that SORNA does not apply to him or that he is improperly classified. We shall, therefore, overrule this PO.

5

2013) (Curley II), as standing for the proposition that actions against a government officer "'for anything he does in the execution of his office'" are subject to a six month limitations period that begins to accrue "'when the injury is inflicted and the right to institute a suit for damages arises.'" (POs ¶ 38 (quoting Curley I, 41 A.3d at 919).) According to the PSP, Petitioner's right to institute a suit arose on December 20, 2012, the date SORNA's requirements became effective, and the statute of limitations ran on June 20, 2013. (POs ¶¶ 41-42.) Because the instant suit was originally filed on October 14, 2014, well after June 20, 2013, Petitioner's claims are barred by the six month statute of limitations. (POs ¶ 43.) The PSP's PO alleges, in the alternative, that even if Petitioner's claims are not barred by the statute of limitations, mandamus will not lie against the PSP because Petitioner does not have a clear legal right to the relief sought, and the PSP lacks the duty and authority to provide such relief. (POs ¶¶ 44, 46-47.)

The PSP also objects to Petitioner's constitutional challenges on their merits. The PSP's first allegation in this regard is that Petitioner has not stated a claim that SORNA is an ex post facto law because the retroactive application of SORNA was recently found to be non-punitive and constitutional by this Court in Coppolino v. Noonan, 102 A.3d 1254 (Pa. Cmwlth. 2014), aff'd, __ A.3d __ (Pa., No. 132 MAP 2014, filed November 20, 2015) and by the Superior Court in Commonwealth v. Perez, 97 A.3d 747 (Pa. Super. 2014). (POs ¶ 50.) Moreover, the PSP alleges that previous versions of Megan's Law were similarly upheld as non-punitive by the Pennsylvania Supreme Court. See Commonwealth v. Gomer Williams, 832 A.2d 962 (Pa. 2003) (addressing Megan's Law II); Commonwealth v. Gaffney, 733 A.2d 616, 621 (Pa. 1999) (addressing Megan's Law I). (POs ¶ 51.)

6

The PSP demurs to Petitioner's due process challenges under three theories. First, the PSP alleges that the United States Supreme Court's decision in Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 8 (2003) (Connecticut II), established that Petitioner does not have a procedural due process right to challenge his registration requirement based on factors that "'are [not] relevant under the statutory scheme.'" (POs ¶¶ 53-59 (quoting Connecticut II, 538 U.S. at 8).) Alternatively, PSP alleges that "'whether the additional sanctions imposed under Megan's Law II are punitive in nature is the threshold due process inquiry.'" (POs ¶ 59 n.5 (quoting Gomer Williams, 832 A.2d at 970 n.13).) Because this Court and the Superior Court, in Coppolino and Perez, respectively, held that SORNA's requirements are not punitive, Petitioner's due process challenge also fails. (POs ¶ 59 n.5.)

Finally, the PSP alleges that SORNA's irrebuttable presumption that all sexual offenders required to register pose a high risk of recidivism poses no constitutional concerns. (POs ¶ 68.) The PSP notes that the Pennsylvania Supreme Court, in In re J.B., 107 A.3d 1 (Pa. 2014), recently struck down portions of SORNA as applied to juvenile offenders, but alleges that the Supreme Court's holding in that case does not apply to adult sexual offenders. (POs ¶¶ 62-66.) Furthermore, the PSP alleges that controlling authority from both the United States and Pennsylvania Supreme Courts support the legislative finding that "'[s]exual offenders post a high risk of committing additional sexual offenses.'" (POs ¶ 67 (quoting Section 9799.11(a)(4) of SORNA, 42 Pa. C.S. § 9799.11(a)(4)).) The PSP alleges that, because Petitioner cannot prove that it is not universally true that

adult sexual offenders pose a high risk of recidivating, Petitioner's due process claims under the Pennsylvania Constitution fail as a matter of law. (POs ¶ 68.)

We addressed and resolved nearly identical averments and corresponding POs in Taylor[9] and adopt the rationale set forth therein to resolve the POs in this matter. In accordance with Taylor, we hold as follows: (1) the PSP's PO in the nature of a demurrer alleging that Petitioner failed to state a claim because Petitioner is properly classified under SORNA is overruled; (2) the PSP's PO in the nature of a demurrer alleging that Petitioner's claims are barred by the applicable statute of limitations and that mandamus will not lie against the PSP because the PSP is incapable of providing the relief requested is overruled; (3) the PSP's PO in the nature of a demurrer alleging that Petitioner has not stated a claim challenging the internet notification provision set forth in Section 9799.28 of SORNA, 42 Pa. C.S. § 9799.28, under the Ex Post Facto Clause of the Pennsylvania Constitution is overruled; (4) the PSP's PO in the nature of a demurrer alleging, based on Connecticut II, that Petitioner does not have a right to be heard on factual issues irrelevant to his classification status is overruled; (5) the PSP's PO in the nature of a demurrer alleging that Petitioner cannot state a due process claim without first showing that the deprivation of his reputational interests is punitive is overruled; (6) the PSP's PO in the nature of a demurrer alleging that Petitioner is incapable of proving that SORNA's irrebuttable presumption is not universally true and violates his procedural due process rights under the Pennsylvania Constitution is overruled; (7) the PSP's PO in the nature of a demurrer to Petitioner's substantive due process challenge under the Pennsylvania

---

[9] The instant case was argued with Taylor and six other cases.

Constitution is overruled; and (8) the PSP's POs are sustained with regard to the remainder of Petitioner's claims and these claims are dismissed with prejudice.

_____

**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arthur W. McElyea,                          :
                                            :
                              Petitioner    :
                                            :
              v.                            :       No. 539 M.D. 2014
                                            :
The Pennsylvania State Police of the        :
Commonwealth of Pennsylvania,               :
                                            :
                              Respondent    :

# O R D E R

**NOW**, January 14, 2016, the Pennsylvania State Police's (PSP) Preliminary Objections to the Amended Petition for Review in the above-captioned matter are **OVERRULED**, in part, and **SUSTAINED**, in part, as follows:

(1) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that Arthur W. McElyea (Petitioner) was properly classified under the Sexual Offender Registration and Notification Act (SORNA) is **OVERRULED**;

(2) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that the claims asserted are barred by the applicable statute of limitations is **OVERRULED**;

(3) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that mandamus will not lie against the PSP is **OVERRULED**;

(4) The PSP's preliminary objection in the nature of a demurrer to Petitioner's ex post facto challenge to SORNA's internet notification provision, 42 Pa. C.S. § 9799.28(a), under the Pennsylvania Constitution as set forth in the Amended Petition for Review is **OVERRULED**;

(5) The PSP's two preliminary objections in the nature of a demurrer to Petitioner's procedural due process challenges under the Pennsylvania Constitution in relation to SORNA's irrebuttable presumption as set forth in the Amended Petition for Review are **OVERRULED**;

(6) The PSP's preliminary objection in the nature of a demurrer to Petitioner's substantive due process challenge under the Pennsylvania Constitution as set forth in the Amended Petition for Review is **OVERRULED**;

(7) The PSP shall file an Answer to Petitioner's claims, set forth in Petitioner's Amended Petition for Review, that SORNA violates procedural and substantive due process under the Pennsylvania Constitution, and that Section 9799.28(a) of SORNA is an ex post

facto law under the Pennsylvania Constitution within thirty (30) days of the date of this Order;

(8) The PSP's preliminary objections are **SUSTAINED** with regard to the remaining claims set forth in the Amended Petition for Review; and

(9) Petitioner's remaining claims are **DISMISSED WITH PREJUDICE**.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arthur W. McElyea,                    :
                    Petitioner        :
                                      :
          v.                          :    No. 539 M.D. 2014
                                      :    Argued:  September 16, 2015
The Pennsylvania State Police of the  :
Commonwealth of Pennsylvania,         :
                    Respondent        :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge


**OPINION NOT REPORTED**


**CONCURRING AND DISSENTING**
**OPINION BY JUDGE LEADBETTER**          **FILED:  January 14, 2016**


          For the reasons stated in *Taylor v. Pennsylvania State Police* (Pa.
Cmwlth., No. 532 M.D. 2014, filed January 12, 2016), I must respectfully dissent
in part from and concur in part in the decision of the majority.


                              _____
                              **BONNIE BRIGANCE LEADBETTER,**
                              Judge