IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bryan K. Williams, Jr.,                    :
              Petitioner        :
                              :
          v.                        :
                              :
Pennsylvania State Police,          :     No. 20 M.D. 2017
              Respondent   :     Submitted: February 9, 2018


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: March 21, 2018


Before this Court in our original jurisdiction are the preliminary objections of the Pennsylvania State Police (PSP) to Bryan K. Williams' *pro se* petition for a writ of mandamus. Williams' petition asks this Court to direct PSP to modify the registry of convicted sex offenders maintained pursuant to the Sexual Offender Registration and Notification Act[1] (SORNA), so that Williams' registration requirement is reduced from the term of his life to ten years.

_____

[1] 42 Pa. C.S. §§ 9799.10-9799.41.

Williams is currently incarcerated at the State Correctional Institution-Waymart, where he is serving a sentence of six to twelve years[2] for the following Crimes Code[3] offenses:

(1) Involuntary deviate sexual intercourse with a child, a first-degree felony in violation of section 3123(b), 18 Pa. C.S § 3123(b);

(2) Incest of a minor (under the age of 13), a second-degree felony in violation of section 4302(b)(1), 18 Pa. C.S § 4302(b)(1);

(3) Corruption of minors, a third-degree felony in violation of section 6301, 18 Pa. C.S § 6301; and

(4) Indecent assault, a first-degree misdemeanor in violation of section 3126(a)(7), 18 Pa. C.S § 3126(a)(7).

Three of Williams' offenses are classified as Tier III offenses under SORNA. 42 Pa. C.S. § 9799.14(d). Individuals convicted of Tier III offenses are required to register as sex offenders with PSP for life. 42 Pa. C.S. § 9799.15(a)(3).

Consequently, Williams is subject to a lifetime registration requirement. In his petition, however, he contends that his term of mandated registration should be reduced pursuant to the Pennsylvania Supreme Court's ruling in *A.S. v. Pennsylvania State Police*, 143 A.3d 896 (Pa. 2016).

In *A.S.*, the court considered "the proper construction of the lifetime registration triggering language 'two or more convictions' in Pennsylvania's former

---

[2] Williams' minimum sentence expires June 29, 2020; his maximum sentence expires June 29, 2026. Petition for Writ of Mandamus, 1/29/2017, 2.

[3] 18 Pa. C.S. §§ 101-9546.

2

sex offender registration statute, Megan's Law II (formerly codified at 42 Pa. C.S. § 9795.1(b)(1) (superseded))." 143 A.3d at 897. The sex offender in *A.S.* was simultaneously convicted of sexual abuse of children, 18 Pa. C.S. § 6312, and unlawful contact with a minor, 18 Pa. C.S. § 6318. *Id.* at 899. Though each of these offenses individually triggered only a ten-year period of registration, PSP classified him as a lifetime registrant pursuant to statutory language subjecting individuals convicted of two or more enumerated offenses to a lifetime registration requirement. *Id.* at 900. The *A.S.* court concluded that the recidivist philosophy underlying the second iteration of Megan's Law required "an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise triggering a ten-year period of registration." *Id.* at 898. For that reason, the *A.S.* court reduced the registration requirement of the sex offender in that case to ten years because his convictions occurred simultaneously. *Id.* at 908. The court expressly noted, however, that its ruling in *A.S.* pertained to "a Megan's Law II question, not a SORNA question." *Id.* at 897 n.1.

In his petition, Williams argues that pursuant to *A.S.* his lifetime registration requirement should be reduced to ten years. PSP raises two preliminary objections in response to Williams' petition: (1) the petition is time-barred; and (2) the petition should be dismissed pursuant to Pa.R.C.P. No. 1028(a)(4) because it fails to state a legal claim.

PSP argues that Williams' claim is subject to the six-month statute of limitations set forth in section 5522(b)(1) of the Judicial Code, which provides that an "action against any officer of any government unit for anything done in the execution of his office" must be commenced within six months. 42 Pa. C.S. § 5522(b)(1). PSP cites *Curley v. Smeal*, 41 A.3d 916 (Pa. Cmwlth. 2012), in support of this argument. However, this Court expressly overruled *Curley* in *Morgalo v. Gorniak*, 134 A.3d 1139 (Pa. Cmwlth. 2016), where we acknowledged the Supreme

Court's criticism of subjecting mandamus claims to a six-month statute of limitations. *Curley* "offers dubious authority for establishing a six-month limitations period for mandamus claims." *Bahret v. Pennsylvania State Police* (Pa. Cmwlth., No. 500 M.D. 2015, filed May 16, 2016).[4]  Where doubt exists as to whether a preliminary objection should be sustained, that doubt should be resolved by overruling the objection.  *Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Natural Res.*, 909 A.2d 413, 416 (Pa. Cmwlth. 2007).  Applying this standard, we overrule PSP's preliminary objection based on the statute of limitations.

With respect to PSP's preliminary objection in the nature of a demurrer, we note that when ruling on challenges to the legal sufficiency of a complaint—

> we must accept as true all well-pled material facts and all inferences reasonably deducible from those facts.  [*Christ the King Manor v. Dep't of Pub. Welfare,* 911 A.2d 624 (Pa. Cmwlth. 2006)].  However, we are not required to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion. *Id.*  For this Court to sustain preliminary objections, it must appear with certainty that the law will not permit recovery. *Id.* Any doubt must be resolved in favor of the non-moving party. *Id.*

*Barge v. Pa. Bd. of Prob. & Parole,* 39 A.3d 530, 538-39 (Pa. Cmwlth. 2012).

PSP argues that the Supreme Court's holding in *A.S.* is inapplicable to Williams' case.  We agree.  Unlike the sex offender in *A.S.*, Williams' lifetime registration requirement is not based on the recidivist-oriented multiple conviction provisions of Megan's Law II.  Williams was convicted in June 2014 after the

---

[4] Section 414 of this Court's Internal Operating Procedures authorizes the citation to unreported panel decisions issued after January 15, 2008, for their persuasive value.

enactment of SORNA. His lifetime registration requirement is not based on multiple convictions of offenses subject to individual ten-year suspensions as in *A.S.* Williams' lifetime registration requirement is based on his conviction for crimes designated as Tier III offenses under SORNA, each of which triggers a mandate for lifetime registration. 42 Pa. C.S. §§ 9799.14(d) and 9799.15(a)(3). The Supreme Court explicitly stated that *A.S.* did not pertain to SORNA, the source of Williams' lifetime registration requirement. Williams has failed to state a claim upon which relief can be granted. Consequently, we sustain PSP's preliminary objection in the nature of a demurrer to Williams' petition.[5]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[5] We note that in response to PSP's preliminary objections, Williams filed a document titled Notice to Plead to Respondent's Preliminary Objections in which he sought to advance a new theory for relief based on the Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). In *Muniz*, the court ruled that SORNA is punitive in nature, and therefore, retroactive application of the statute violates the ex post facto clauses of the federal and state constitutions. *Id.* However, Williams cannot prevail on this basis for two reasons. First, an "action filed in mandamus must define the issues. . . in the complaint." *Nickson v. Pa. Bd. of Prob. & Parole*, 880 A.2d 21, 23 (Pa. Cmwlth. 2005). Williams failed to advance an ex post facto claim in his petition. Second, "[t]he material facts on which a cause of action. . . is based shall be stated in a concise and summary form." Pa.R.C.P. No. 1019(a). In particular, "[a]verments of time. . . shall be specifically stated." Pa.R.C.P. No. 1019(f). In an ex post facto claim, the date of the offense at issue is an essential fact, but Williams has failed to include the dates of his crimes in any of his pleadings. For these reasons, we decline to address Williams' *Muniz* claim.

Bryan K. Williams, Jr., :
    Petitioner :
        :
   v. :
        :
Pennsylvania State Police, : No. 20 M.D. 2017
    Respondent :

## O R D E R

   AND NOW, this 21st day of March, 2018, the Preliminary Objections of the Pennsylvania State Police (PSP) to the Petition for a Writ of Mandamus in the above-captioned matter are **OVERRULED** in part and **SUSTAINED** in part:

(1) PSP's preliminary objection based on the statute of limitations is **OVERRULED**;

(2) PSP's preliminary objection in the nature of a demurrer is **SUSTAINED**; and

(3) The Petition for a Writ of Mandamus is **DISMISSED WITH PREJUDICE**.

          _____
          CHRISTINE FIZZANO CANNON, Judge