# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeremy Cruz,                                   :
                            Petitioner          :
                                                :
            v.                                  :    No. 573 M.D. 2023
                                                :    SUBMITTED: November 7, 2024
SCI-Huntingdon Facility Manager,                :
SCI-Camp Hill Facility Manager,                 :
SCI-Mercer Facility Manager,                    :
SCI-Fayette Facility Manager, and               :
SCI-Greene Facility Manager, et al.,            :
                            Respondents          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                      **FILED: December 19, 2024**


        Before the Court for disposition are the preliminary objections of SCI-Huntingdon Facility Manager; SCI-Camp Hill Facility Manager; SCI-Mercer Facility Manager; SCI-Fayette Facility Manager; and SCI-Greene Facility Manager (collectively, Respondents) to the "Complaint of Trespass of Fraud, and Intentional Violation of the United States Constitutional Right of Due Process" (petition for review) filed *pro se* by Petitioner, Jeremy Cruz.[1]  In addition, we consider Petitioner's "Motion to Transfer Civil Action Back to Common Pleas Court"

---

        [1] This Court directed that the complaint be treated as a petition for review in our original jurisdiction pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761, and Pa.R.A.P. 1502. Jan. 11, 2024 Cmwlth. Ct. Order.

(motion to transfer) and his "Request for Expedited Consideration." We sustain the preliminary objections, dismiss the petition for review with prejudice, deny the motion to transfer, and dismiss as moot the request for expedited consideration.

In August 2023, Petitioner filed what we now characterize as the petition for review in the Court of Common Pleas of Mercer County challenging the Department of Corrections' collection of fines and court costs under Section 9728(b)(5)(i) of the Sentencing Code, 42 Pa.C.S. § 9728(b)(5)(i), commonly referred to as Act 84. Section 9728 pertains to the collection of restitution, reparation, fees, costs, fines and penalties. Subsection 9728(b)(5)(i) provides:

> (5) Deductions shall be as follows:
>
> (i) The Department of Corrections shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs imposed under section 9721(c.1),[2] filing fees to be collected under section 6602(c) (relating to prisoner filing fees) and any other court-ordered obligation.

---

[2] Section 9721 of the Sentencing Code pertains to sentencing. Subsection (c.1) provides:

> **(c.1) Mandatory payment of costs.--**Notwithstanding the provisions of 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a) [sentencing alternatives ranging from probation to total confinement], the court shall order the defendant to pay costs. In the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section. No court order shall be necessary for the defendant to incur liability for costs under this section. The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. [ ] 706(C) relating to fines or costs).

42 Pa.C.S. § 9721(c.1).

42 Pa.C.S. § 9728(b)(5)(i) (footnote added).

In the petition for review, Petitioner avers the following.[3] On February 2, 2018, the Court of Common Pleas of Erie County sentenced him to serve 15-31 years within the Department of Corrections.[4] Petition, ¶ 1. However, he alleges that he was never ordered to pay fines or court costs. *Id.* Having been transferred from the Erie County Prison to SCI-Greene, he alleges that he signed a bunch of documents upon arrival at SCI-Greene. *Id.*, ¶¶ 2 and 3. One of the documents was a power of attorney form (DC-155 form), which he was advised enabled him to "buy commissary." *Id.*, ¶ 3. In late February 2018, Petitioner was transferred to SCI-Camp Hill. On March 18, 2018, he was subjected to the first deduction of funds for fines and court costs. *Id.*, ¶ 7. After being transferred to successive state correctional

---

[3] In considering Respondents' preliminary objections,

> we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review].

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted).

[4] A jury found Petitioner guilty of rape, involuntary deviate sexual intercourse, sexual assault, aggravated indecent assault, simple assault, and indecent assault. Accordingly, the sentencing court sentenced him to an aggregate term of 14 to 28 years of imprisonment, followed by 5 years of probation. Feb. 2, 2018 Erie Cnty. Ct. Order.

3

institutions, Petitioner alleges that he learned that deductions from his account were being made for costs and restitution based on the DC-155 form. In April 2023, he received his DC-155 form and began asking questions. *Id.*, ¶ 16. He avers that Department officials continued to claim that they were deducting funds based on an order of court. *Id.*, ¶¶ 15 and 18. In May 2023, he "came to realize that he was being injured" by the deductions. *Id.*, ¶ 19. He alleges that none of the facility managers "had any legal authority to take, transfer or withdraw any funds from [his] account" (*id.*, ¶ 20) because the DC-155 form that he executed was void (*id.*, ¶¶ 22-23). Specifically, he alleges that Respondents lacked legal authority because they failed to properly execute the DC-155 form and used fraudulent tactics to get him to sign it. *Id.*, ¶¶ 20 and 22. By way of relief, he seeks $600,000 in punitive damages, $100,000 in special damages, early parole, release from the state correctional system, a complete refund of all the deductions made from his inmate account, and any other relief which the court deems necessary and proper.[5] *Id.*, ¶ 25.

Following Respondents' preliminary objections, the Mercer County court raised the issue of jurisdiction *sua sponte* and transferred the case to this Court pursuant to Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103 (transfer of erroneously filed matters). Dec. 15, 2023 Mercer Cnty. Ct. Order. In our original jurisdiction over this matter pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761, we now consider this case on the briefs.

---

[5] Claims for money damages are excluded from our original jurisdiction. *Balshy v. Rank*, 490 A.2d 415, 420-21 (Pa. 1985). However, because this case has already been transferred and we directed that the complaint be treated as a petition for review in our original jurisdiction, we will decide this matter on the merits in view of judicial economy and the importance of a timely decision. *See Harbold v. Carson*, 356 A.2d 835, 836 n.1 (Pa. Cmwlth. 1976) (notwithstanding serious reservations concerning our jurisdiction, this Court declined to retransfer a case). At all ends, the lack of merit is so clear that it would be pointless to retransfer this matter and *Balshy* clearly disapproves of retransfer.

In the preliminary objections, Respondents assert that the petition for review should be dismissed because (1) it is apparent on its face that the statute of limitations has expired;[6] and (2) the petition for review is legally insufficient because the Department has statutory authority to make deductions for fines, costs, and restitution under Act 84 even in the absence of an express judicial order directing such deductions.

As an initial matter, Petitioner's averment that the Erie County court never ordered him to pay fines or court costs is not well pled. His averment is contradicted by the February 2, 2018 sentencing order in *Commonwealth of Pennsylvania v. Jeremy Cruz* (C.C.P. Erie, Docket No. CP-25-CR-0002860-2017), in which the Erie County court, *inter alia*, ordered him to pay costs. Pursuant to Act 84, criminal sentences can include restitution, reparation, fees, costs, fines, and penalties. 42 Pa.C.S. § 9728.

As for the two-year statute of limitations applicable to Act 84 deductions,[7] it has expired and there is no applicable exception to the general rule set forth in Section 5502(a) of the Judicial Code, 42 Pa.C.S. § 5502(a), that the statute of limitations begins to run as soon as the cause of action accrues.[8] Two

---

[6] Petitioner maintains that Respondents should have submitted their statute of limitations defense in new matter, not by way of preliminary objections. Respondents acknowledge that it is procedurally appropriate to raise the defense in new matter. However, they note that this Court has recognized that where the defense is clear from the pleadings and delaying a ruling would serve no purpose, respondents can raise the defense in their preliminary objection in the nature of a demurrer even where the opposing party has objected. *McCulligan v. Pa. State Police*, 123 A.3d 1136, 1140 n.5 (Pa. Cmwlth. 2015); *Feldman v. Hoffman*, 107 A.3d 821, 830-32 n.14 (Pa. Cmwlth. 2014). We agree with Respondents that such is the case here.

[7] Section 5524(6) of the Judicial Code, 42 Pa.C.S. § 5524(6).

[8] In other words, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises. *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983).

5

exceptions are potentially at play here and Petitioner in his arguments merges the two. The doctrine of fraudulent concealment exception "provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right to inquiry into the facts." *Fine v. Checcio*, 870 A.2d 850, 860 (Pa. 2005). The discovery rule exception applies when there is an inability of the injured to know that he is injured and by what cause, despite the exercise of reasonable diligence. *Id.* at 858.

By way of fraudulent concealment, Petitioner avers that when he signed the DC-155 form, he was advised that "it only allows [him] to 'buy commissary,' so [he] signed [it] . . . ." Petition, ¶ 3. He alleges that he did not receive a copy at that time (*id.*, ¶ 16) and, in his brief, asserts that he never had an opportunity to have counsel review it. He also avers that the DC-155 form was not properly executed under Section 5601(b)(3)(i) and (ii) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 5601(b)(3)(i) and (ii), pertaining to notaries and witnesses, and that his constitutional rights were violated. Petition, ¶¶ 20 and 23. By way of a discovery rule exception argument, he avers that he received the DC-155 form in April 2023, began asking questions, and realized in May 2023 that he was being injured by the deductions. *Id.*, ¶¶ 16 and 19.

Petitioner's arguments are without merit. As Respondents maintain, the DC-155 form is exempt from notarization pursuant to the limitation on applicability provision found in Section 5601(e.1)(vii) of the Probate, Estates and Fiduciaries Code pertaining to "[a] power created in a form prescribed by a Commonwealth agency, political subdivision or an authority or instrumentality of the commonwealth or a political subdivision." 20 Pa.C.S. § 5601(e.1)(vii). At all

6

ends, the deductions were being made pursuant to Act 84 and the Erie County court in its sentencing order clearly ordered Petitioner to pay costs.

Moreover, notwithstanding Petitioner's averment that he first learned that he was injured in May 2023 (Petition, ¶ 7), he admitted that the first deduction occurred in March 2018 (*id.*, ¶ 19). However, he did not file his complaint with the Mercer County court until August 2023. "This Court has expressly held that under circumstances in which the inmate is aware of the ongoing deductions, his/her cause of action accrues when the Department makes the first deduction." *Morgalo v. Gorniak*, 134 A.3d 1139, 1149 n.14 (Pa. Cmwlth. 2016). Each deduction does not constitute a new cause of action. *Curley v. Smeal*, 41 A.3d 916, 919 (Pa. Cmwlth. 2012). Adopting a continuing violation rationale for regular deductions in inmate account cases would effectively render the limitation period meaningless.[9] *Id*. at 919 n.4. Because Petitioner was aware that deductions were being made in 2018, soon after he was incarcerated, he had the duty to investigate the matter and institute suit in a timely matter. Consequently, neither of the tolling exceptions apply.

Accordingly, we sustain the preliminary objections, dismiss the petition for review with prejudice, deny the motion to transfer, and dismiss as moot the request for expedited consideration.

_____
**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita

---

[9] Even though Petitioner did not specifically articulate a continuing violation argument, we emphasize that such an argument lacks merit.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeremy Cruz,                                    :
                          Petitioner            :
                                                :
              v.                                :    No. 573 M.D. 2023
                                                :
SCI-Huntingdon Facility Manager,                :
SCI-Camp Hill Facility Manager,                 :
SCI-Mercer Facility Manager,                    :
SCI-Fayette Facility Manager, and               :
SCI-Greene Facility Manager, et al.,            :
                          Respondents           :

## **O R D E R**

AND NOW, this 19th day of December, 2024, Respondents' preliminary objections are SUSTAINED and Petitioner's petition for review is DISMISSED with prejudice. In addition, Petitioner's motion to transfer is DENIED and his request for expedited consideration is DISMISSED as moot.

 

_____
**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita