DLD-169                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1118
_____

JOHN WALTER KULESA, JR.,
Appellant

v.

SHARON L. REX; MONTGOMERY COUNTY SHERIFF'S DEPARTMENT;
PATRICIA E. COONAHAN; THOMAS M. DEL RICCI; ARTHUR R. TILSON;
THOMAS P. ROGERS; THOMAS C. BRANCA; CAROLYN T. CARLUCCIO;
WILLIAM J. FURBER, JR.; RICHARD J. HODGSON; MICHAEL R. KEHS;
PATRICIA A. RANIERI; CHERYL LESLIE; KAREN BAXTER-RANDLE;
BONNIE O'KANE; MARK LEVY; RISA V. FERMAN; MINDY A. HARRIS;
LYNNE Z. GOLD-BIKIN; BETTY LUPO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-02248)
District Judge:  Honorable Stewart Dalzell
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 21, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: March 29, 2013)
_____

OPINION
_____

PER CURIAM

John Walter Kulesa, Jr., proceeding pro se, appeals from orders of the United States District Court for the Eastern District of Pennsylvania granting Appellees' motions to dismiss, as well as denying his motion for reconsideration. There being no substantial question presented on appeal, we will deny Kulesa's motion for summary remand and affirm the District Court's judgment. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

Kulesa's complaint pursuant to 42 U.S.C. § 1983 arises out of his divorce from Appellee Sharron Rex. According to Kulesa, Rex used her former judicial position[1] to stall divorce proceedings so that she could continue to receive coverage under Kulesa's health insurance plan. He further alleges that Rex's attorneys, the judicial staff at the Montgomery County Court of Common Pleas, and staff in the Montgomery County Prothonotary's Office aided Rex in this delay and that several officers from the Montgomery County Sheriff's Office provoked oral arguments with him during court proceedings. The District Court granted Appellees' motions to dismiss Kulesa's complaint. Kulesa filed a timely motion for reconsideration, which the District Court denied. This appeal followed.

II.

We have jurisdiction over both the appeal of the order granting Appellees' motions to dismiss and the order denying Kulesa's motion for reconsideration pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2002). To survive dismissal pursuant to Federal Rule of

---

[1] Rex asserts in her response to Kulesa's motion for summary remand that she formerly served as a custody conciliator, not as a judge, in Montgomery County. The distinction does not affect our analysis here.

Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review the denial of the motion for reconsideration for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

III.

The District Court properly granted Appellees' motions to dismiss. Kulesa failed to allege how Rex, a private litigant, and Gold-Bikin and Lupo, Rex's attorneys, acted under color of state law so as to deprive him of his civil rights.[2] See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Furthermore, Kulesa's claims against the Montgomery County Sheriff's Department are treated as claims against Montgomery County itself. Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997). However, his complaint fails to allege that the officers' actions were taken pursuant to a county policy or custom. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-91 (1978).

We further agree that the judges of the Court of Common Pleas were entitled to judicial immunity, as none of them acted "in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam) (citing Stump v. Sparkman, 435 U.S. 349, 356

_____

[2] The District Court did not consider whether Rex, Gold-Bikin, and Lupo, as private parties, had conspired with state actors so as to be liable under § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (a private party is a "state actor" for § 1983 purposes only where "he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State"). However, Kulesa's complaint falls far short of permitting us to infer a plausible connection among the defendants such that the private actions of Rex, Gold-Bikin, and Lupo would constitute "state action." See Groman v. Twp. of Manalpan, 47 F.3d 628, 638 (3d Cir. 1995) ("A private action is not converted into one under color of state law merely by some tenuous connection to state action.").

(1978)). Likewise, the court administrators, the Montgomery County Prothonotary's Office defendants, and Support Master Harris are entitled to quasi-judicial immunity because "their judgments are 'functional[ly] comparab[le]' to those of judges—that is, because they, too, 'exercise a discretionary judgment' as a part of their function." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993) (citations omitted). Kulesa has not plausibly alleged that these defendants did not act within their discretion, outside the scope of their duties, or contrary to the direction of a judicial officer. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 772-73 (3d Cir. 2000); Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969). Finally, Montgomery County District Attorney Ferman is entitled to immunity for her decision to not prosecute Kulesa's corruption claim. See Kulwicki v. Dawson, 969 F.2d 1454, 1463-63 (3d Cir. 1992).

Kulesa asserts that the District Court should have provided him leave to amend his complaint. We agree with the District Court that offering leave to amend was not necessary under the circumstances presented here. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Finally, the District Court did not abuse its discretion in denying Kulesa's motion for reconsideration. A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis, 591 F.3d at 669. Kulesa did not identify any of these factors in his motion.[3]

_____

[3] Kulesa's motion raised a new argument that Appellees were guilty of violating 18 U.S.C. § 241, which criminalizes the act of conspiring against an individual's civil rights, and 18 U.S.C.

4

## IV.

There being no substantial question presented on appeal, we deny Kulesa's motion for summary remand and will summarily affirm the judgment of the District Court. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R 27.4; I.O.P. 10.6.

---

§ 242, which criminalizes the act of depriving someone's rights under the color of law. However, these statutes provide no private right of action for use by a litigant such as Bryant. See Gonzaga Univ. v. Doe, 536 U.S. 273, 283-84 (2002).