IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James D. Schneller,            :
          Appellant       :
                         :   No.  1316 C.D. 2016
         v.              :
                         :   Submitted:  June 16, 2017
Prothonotary of Montgomery County,  :
individually, and in his official      :
capacity, and his employees,        :
in their individual and official      :
capacities                   :

***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                            FILED:  September 12, 2017

      James Schneller (Schneller) appeals, *pro se*,[1] from the July 11, 2016 order of the Court of Common Pleas of Montgomery County (trial court), which sustained the preliminary objections of the Prothonotary of Montgomery County (Prothonotary) to Schneller's complaint in mandamus seeking to compel the Prothonotary to accept and file a notice of appeal.  We affirm.

## Background

      On April 22, 2010, the trial court issued an order dismissing a lawsuit that Schneller filed on behalf of his deceased parents against American International Group, Inc. (the "AIG Case").  On May 20, 2010, Schneller attempted to file a notice

---

[1] All statements and discussion regarding "Schneller" in this opinion pertain to legal action that he has taken while proceeding *pro se*.

of appeal with the Prothonotary from this order. However, by letter dated May 24, 2010, the Prothonotary notified Schneller that his notice of appeal would not be accepted for filing because the trial court had previously entered a prohibitory, preliminary injunction on July 16, 2009, in a separate but related matter, enjoining Schneller from:

> [R]epresenting the Estates of George H. Schneller or Marjorie Schneller, or making claims on their behalf, or claims on his behalf involving his observations of the medical care and treatment of his parents . . . in the Montgomery County Court of Common Pleas unless such filing is executed by an attorney in good standing and admitted to practice law in the Commonwealth of Pennsylvania.

(Supplemental Reproduced Record (S.R.R.) at 37b-38b.)[2] The language of the preliminary injunction was framed broadly and applied to "any filings" by Schneller, (S.R.R. at 38b), and, on September 19, 2012, the preliminary injunction was converted into a permanent injunction. *See Schneller v. Fox Subacute at Clara Burke and Debbie McCoy*, (Pa. Super., No. 3184 EDA 2012, filed August 15, 2014) (unreported), slip op. at 1-2, 9.

---

[2] The trial court summarized the factual basis for the preliminary injunction as follows:

> Since 2003, Schneller has filed twenty-two (22) lawsuits and fifty-seven (57) appeals in state and federal courts related to medical treatment and other services provided to his now-deceased parents, George and Marjorie Schneller. Schneller has been wholly unsuccessful in the litigation, and has been censured by Judges of the Superior Court, the Commonwealth Court and the Montgomery County Court of Common Pleas for his lack of respect for the finality of orders and repeated filing of the same meritless and/or time-barred claims against these defendants as shall be shown herein.

(S.R.R. at 25b, ¶¶ 1-2.)

In its August 15, 2014 decision, the Superior Court upheld the permanent injunction and "expressed its displeasure with [Schneller's] serial *pro se* filings." Slip op. at 8. Quoting a panel decision rendered in 2008, the Superior Court noted: "Over the past five years, [i.e., 2003 to 2008] Schneller has filed an astounding 22 lawsuits and 57 appeals in state and federal courts related to medical treatment and other services provided to his now deceased parents, George and Marjorie Schneller." *Id.* (citation omitted). After recounting the fact that Schneller still had five active cases in the trial court, the Superior Court concluded that the trial court did not err in "dismissing [these] pending frivolous cases and enjoining [Schneller] from initiating additional *pro se* cases." *Id.*; *see* Pa.R.C.P. No. 233.1(c) (stating that with respect to frivolous litigation, "the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.").

In the interim, on January 2, 2014, approximately three and a half years after the Prothonotary declined to accept for filing Schneller's notice of appeal in the AIG Case, Schneller attempted to file a praecipe for an adverse order under Pa.R.A.P. 301 in the AIG Case. When the Prothonotary rejected this praecipe for filing, Schneller, on February 20, 2014, attempted file a praecipe under Pa.R.C.P. No. 227.4 for entry of judgment in the AIG Case, but the Prothonotary again declined to file a praecipe. (S.R.R. at 11b.) Schneller then filed an appeal to the Superior Court, purporting to appeal the April 22, 2010 order dismissing his suit in the AIG Case by way of the "Refusal of the [Prothonotary] to Accept or Docket the Praecipes For Entry of Adverse Order and For Entry of Judgment." *Id.* In a brief *per curiam* order dated May 16, 2014, the Superior Court denied the appeal and our Supreme Court

3

later denied allowance of appeal. *See Schneller v. AIG*, (Pa., No. 420 MAL 2014, filed October 21, 2014) (per curiam).

On December 4, 2015, Schneller filed the instant complaint with the trial court, asserting a single count for a writ of mandamus and seeking to compel the Prothonotary to accept his notice of appeal from the April 22, 2010 order in the AIG Case. (S.R.R. at 8b-18b.)[3] On February 19, 2016, the Prothonotary filed preliminary objections to Schneller's complaint, contending, among other things, that the mandamus claim was time-barred and/or failed to state a claim upon which relief can be granted.

On July 11, 2016, the trial court entered an order sustaining all of the Prothonotary's preliminary objections. In its Pa.R.A.P. 1925(a) opinion, the trial court concluded that Schneller failed to state a viable mandamus claim because the factual averments did not establish a clear legal right to relief, a corresponding duty on the Prothonotary, and/or the absence of an adequate remedy at law. In doing so, the trial court stated, and apparently clarified, that this was the only basis upon which it granted the Prothonotary's preliminary objections. While noting that Schneller sought to order the Prothonotary to accept his notice of appeal in the AIG Case more than five years after the Prothonotary declined to do so, the trial court, citing *Curley v. Wetzel*, 82 A.3d 418 (Pa. 2013) (*Curley II*) (per curiam), determined that

_____

[3] Schneller previously filed similar mandamus actions against the Prothonotary of Chester County, alleging that the prothonotary refused to file his notice of appeal in a civil action against an attorney regarding the attorney's handling of his parents' estates and refused to accept the filing of an application for rehearing to re-open his parents' estates. In both appeals, this Court affirmed the trial court's order dismissing Schneller's complaints as frivolous under Pa.R.C.P. No. 240(j)(1). *See Schneller v. Clerk of Orphans' Court of Chester County*, (Pa. Cmwlth., No. 1901 C.D. 2014, filed August 5, 2015) (unreported); *Schneller v. Prothonotary of Chester County*, (Pa. Cmwlth., No. 557 C.D. 2013, filed October 29, 2013) (unreported).

4

Schneller's mandamus claim was not barred by the six month statute of limitations set forth in section 5522(b)(1) of the Judicial Code, 42 Pa.C.S. §5522(b)(1). Nonetheless, the trial court opined "that is a case which cries out for the finality of a time limitation such as provided by a statute of limitations." (Trial court op. at 4 n.6.)[4]

## Discussion

Before this Court,[5] Schneller argues that the Prothonotary has a mandatory legal duty to accept and file his notice of appeal in the AIG Case and asserts that the Prothonotary improperly raised the statute of limitations defense by way of preliminary objections.

---

[4] In addition, the trial court noted that its order sustaining the preliminary objections did not explicitly "dismiss the complaint with prejudice," and thus the order was not a final, appealable order. (Trial court op. at 3.) We disagree. Although the order did not specify whether the complaint was dismissed, or dismissed with or without prejudice, the order did not grant Schneller leave to amend. Because a fair reading of the trial court's Pa.R.A.P. 1925(a) opinion reflects the trial court's belief that any amendment would not cure the deficiencies in the complaint, the order had the practical effect of putting Schneller out of court. Notably, Schneller concurs in this assessment and disavows any want or need to amend his complaint. (Brief for Schneller at 23-29.) In these circumstances, we conclude that the trial court's order suffices as a final order. *See Fizz v. Kurtz, Dowd & Nuss, Inc.*, 519 A.2d 1037, 1038 n.1 (Pa. Super. 1987); *Jones v. Nissenbaum, Rudolph & Seidner*, 368 A.2d 770, 771 (Pa. Super. 1976); *cf. Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996); *Unger v. Hampton Township*, 263 A.2d 385, 387 n.1 (Pa. 1970).

[5] When an appellate court reviews an order ruling on preliminary objections in the nature of a demurrer, our standard of review is de novo and our scope of review is plenary. *Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008). In reviewing the matter, this Court must accept as true all material facts set forth in the complaint and all inferences reasonably deducible therefrom, and determine whether the law says with certainty that no recovery is possible. *Black v. Shrewsbury Borough*, 675 A.2d 381, 383 (Pa. Cmwlth. 1996). "[W]here any doubt exists, it should be resolved in favor of overruling the demurrer." *Id.*

It is well-settled that this Court may affirm the trial court's order on any basis appearing in the record, *Feldman v. Lafayette Green Condominium Association*, 806 A.2d 497, 502 n.3 (Pa. Cmwlth. 2002), and we do so here on the ground that Schneller's mandamus claim is barred by the statute of limitations.[6]

As a general rule, Pa.R.C.P. No. 1030(a) provides that the statute of limitations is an affirmative defense that must be pled as "new matter," *id.*, and should not be asserted during the preliminary objections stage. However, this Court has held that, although "the statute of limitations is to be pled as new matter, it may be raised in preliminary objections where the defense is clear on the face of the pleadings and the responding party does not file preliminary objections to the preliminary objections." *Petsinger v. Department of Labor and Industry*, 988 A.2d 748, 758 (Pa. Cmwlth. 2010).

Here, a review of the complaint reveals that the statute of limitations was clearly implicated as a defense. After the Prothonotary asserted the statute of limitations in its preliminary objections, Schneller did not file preliminary objections to the Prothonotary's preliminary objections, seeking to strike those preliminary objections for prematurely raising the defense. Instead, Schneller filed a response to the Prothonotary's preliminary objections and, in a supporting memorandum of law, he challenged the propriety and timeliness of the statute of limitations defense. (Reproduced Record at 87a-97a.) Even so, the way Schneller lodged his objection was an insufficient method to contest the manner by which the Prothonotary asserted the statute of limitations, and Schneller has consequently waived the procedural

---

[6] During the course of this appeal, Schneller filed an application to strike the Prothonotary's Supplemental Reproduced Record. Perceiving no principled legal or factual basis to do so, we deny the application.

defect.  *See Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2014) ("[A]lthough [the plaintiff] objected to the immunity defense in its *response* to the preliminary objections, [plaintiff] did not properly object by filing its own *preliminary objection* to strike Defendants' preliminary objection and the immunity defense.") (emphasis in original); *see also Philadelphia Fraternal Order of Correctional Officers v. Rendell*, 701 A.2d 600, 607 (Pa. Cmwlth. 1997).

Having determined that the trial court properly considered – and that we can now appropriately evaluate – the merits of the Prothonotary's statute of limitations defense, we observe that, in at least two precedential cases, this Court has held that mandamus actions are typically subject to the six-month time limitation set forth in section 5522(b)(1) of the Judicial Code, 42 Pa.C.S. §5522(b)(1).  *See Township of Bensalem v. Moore*, 620 A.2d 76, 80 (Pa. Cmwlth. 1993) (holding that a mandamus action commenced over one year after the statute of limitations began to run was "clearly barred" by section 5522(b)(1)); *Fleming v. Rockwell*, 500 A.2d 517, 519 (Pa. Cmwlth. 1985) ("[T]he six-month limitations period was controlling in the instant suit, because it was commenced as an action in mandamus.").  This provision provides that the following must be commenced within six months:  "action[s] against any officer of any government unit for anything done in the execution of his office, except an action subject to another limitation specified in this subchapter."  42 Pa.C.S. §5522(b)(1).  Under Pennsylvania law, "the statute of limitations begins to run as soon as the right to institute and maintain a suit arises," *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997) (citation omitted), and "mandamus will not lie where the relief sought is barred by a statute of limitations." *Petsinger*, 988 A.2d at 759.

Here, the statute of limitations began to run on the date of the alleged legal wrong, either May 20, 2010, when the Prothonotary refused to accept in person

7

his notice of appeal for filing in the AIG Case, or May 24, 2010, when the Prothonotary notified Schneller via letter that she declined the filing due to the preliminary injunction entered against him. Regardless, Schneller admits that he received notice of the Prothonotary's rejection of his filing as of the date of the letter, (S.R.R. at 10b), and had six months from then to file a mandamus action. However, Schneller did not file the mandamus complaint until December 4, 2015, well over five years later, and it is patently untimely. Even if this Court construes the Prothonotary's actions in denying Schneller's praecipes on January 2, 2014, and February 20, 2014, as giving rise to independent claims for mandamus and disregards the fact that he was already unsuccessful in pursuing these claims on appeal, the instant mandamus complaint is still untimely. Concededly, Schneller was aware of the Prothonotary's actions in declining to enter the praecipes by the end of February 2014, at the latest, (*see* S.R.R. at 11b), thus accruing his cause of action – yet, he filed the present mandamus over a year later. Therefore, according to the allegations of the complaint, Schneller's mandamus claim fails as a matter of law because it is time-barred.

In reaching a contrary conclusion, the trial court read too much into our Supreme Court's *per curiam* order in *Curley II* and did not correctly evaluate that decision in light of the background facts of the case.[7] In *Curley v. Smeal*, 41 A.3d 916 (Pa. Cmwlth. 2012) (*Curley 1*), *aff'd but criticized in Curley II*, 82 A.3d 418 (Pa. 2013), a prisoner filed a petition for review in our original jurisdiction and alleged that the Department of Corrections (Department) was unlawfully deducting funds

---

[7] "[T]he axiom that decisions are to be read against their facts prevents the wooden application of abstract principles to circumstances in which different considerations may pertain." *Maloney v. Valley Medical Facilities, Inc.,* 984 A.2d 478, 486 (Pa. 2009) (citations omitted).

from his personal inmate account for seven years. Construing the petition as asserting a mandamus claim, this Court applied the six-month limitations in section 5522(b)(1) of the Judicial Code and concluded that the action was time-barred. On appeal, our Supreme Court affirmed *Curley I*, but added: "[T]his Court does not embrace the Commonwealth Court's view that this action sounds in mandamus or that a six-month statute of limitations applies to actions in mandamus *in this context*." *Curley II*, 82 A.3d at 418 (emphasis added).

In a concurring opinion, then Chief Justice Castille (joined by Justice Eakin) determined that this Court "misconstrued the pleading as a mandamus action" and that, "even assuming the action sounded in mandamus, [we] incorrectly invoked the six-month statute of limitations." *Id.* at 418-19 (Castille, C.J., and Eakin, J., concurring). On the first point, the Chief Justice stated that the prisoner's action was not in the nature of a mandamus claim, which necessarily involves an official's inaction and is a legal mechanism to compel the official to act in accordance with a legal duty. Instead, in the concurrence's view, the prisoner "specifically sought review of the affirmative 'government action' that had resulted in the deduction of funds from his inmate account" and requested equitable relief in the form of a declaration and an injunction (*i.e.*, orders declaring the unlawfulness of the deductions, ordering reimbursement, and enjoining future deductions), both of which fell outside the "scope of a mandamus action." *Id.* at 419. Concerning his second observation, the Chief Justice found it difficult to see how a properly-asserted mandamus action "would lend itself to a period of limitations analysis; since a mandamus action alleges a failure to act, there is no action to trigger a specific limitations period." *Id.* Nonetheless, the Chief Justice said that affirmance of *Curley*

9

*I* was warranted because the prisoner's petition for review was "time-barred under the two-year period of limitation he himself claims is controlling." *Id.*

In *Morgalo v. Gorniak*, 134 A.3d 1139 (Pa. Cmwlth. 2016) (en banc), we overruled our holding in *Curley I*, in light of *Curley II*, but explained that *Curley II* is limited to inmate deductions cases: "[W]e overrule our holding in *Curley I* and declare that inmate account deduction actions are not mandamus actions, nor are they subject to a six-month limitations period." *Morgalo*, 134 A.3d at 1144-45. In doing so, this Court concluded, consistent with the concurring opinion in *Curley II*, that unlawful deduction claims did not sound in mandamus because "mandamus may not be used to reverse actions the Department has already taken; thus, it cannot be the basis upon which [we] may order the Department to stop the deductions and return previously-deducted funds." *Id.* at 1145. This Court further concluded that deduction claims are subject to the two-year statute of limitations contained in section 5524(3) of the Judicial Code, which applies to "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof," 42 Pa.C.S. §5524(3), reasoning:

> Because Section 5524(6) of the Judicial Code applies specifically to a government unit officer's non-delivery of property over which it has exercised dominion, Section 5524(6) of the Judicial Code's two-year limitations period applies over Section 5522(b)(1) of the Judicial Code's six-month time limit.

134 A.3d at 1149. We ultimately concluded in *Morgalo* that the prisoner's petition for review was untimely under the statute of limitations because the Department began making deductions from his inmate account in 2008 and the petition was not filed until 2013.

10

Here, Schneller contends that the Prothonotary failed to accept his notice of appeal for filing. Unlike the positive, affirmative action of the Department in *Curley*, i.e., the conduct needed to deduct money *from* an inmate's account, Schneller contends that the Prothonotary refused to act when the law says that she must act. The case law of this Commonwealth has long held that these "failure to accept for filing" claims against a prothonotary sound in mandamus and are capable of mandamus relief, *see, e.g., Commonwealth v. Williams*, 106 A.3d 58, 588-89 (Pa. 2014); *Thompson v. Cortese*, 398 A.2d 1079 (Pa. Cmwlth. 1979), and Schneller specifically requests a "writ of mandamus, directed to the [Prothonotary], to file and docket of record the properly prepared and timely notice of appeal." (S.R.R. at 12b.) Moreover, neither *Curley II* nor *Morgalo* disturbed our precedent concluding that the six-month limitations period applies to pure mandamus actions alleging that a governmental official or agency had a mandatory or ministerial duty to do something but, instead, did nothing.

In *Bensalem*, a township terminated the employment of a police officer, who later filed a mandamus complaint contending that a township failed to provide him with notice and a hearing as required by the Police Tenure Act (Act).[8] Reiterating that "mandamus against a municipality properly lies against the municipal officer whose duty it is to perform the act commanded to be done," this Court noted that the police's officer's claim was properly one in mandamus seeking to compel the township to comply with the Act. We held that, because the police officer was terminated in March 1988 and filed the complaint in November 1989, the action was "clearly barred" by the six-month period in section 5522(b)(1) of the Judicial Code. 620 A.2d at 79-80.

---

[8] Act of June 15, 1951, P.L. 586, *as amended*, 53 P.S. §§811-816.

The reasoning and result of *Bensalem* apply to the facts of this case with full force and control our disposition of Schneller's mandamus claim. Although the concurrence in *Curley II* proposed that mandamus claims are not subject to a statute of limitations because "a mandamus action alleges a failure to act" and "there is no action to trigger a specific limitations period," 82 A.3d at 419, this position represents a minority of the Supreme Court and is not binding of this Court. On the other hand, our decision in *Bensalem* is and, unless or until that case is overruled, its status as precedent compels our result.

Regarding whether "government action" is necessary to start the running of the statute of limitations, pursuant to section 5502(a) of the Judicial Code, "[t]he time within which a matter must be commenced under this chapter shall be computed . . . from the time the cause of action accrued." 42 Pa.C.S. §5502(a). A "cause of action accrues when the injured party is first able to litigate the claim," *Simmons v. Cohen*, 534 A.2d 140, 148 (Pa. Cmwlth. 1987), or, as our Supreme Court put it, "as soon as the right to institute and maintain a suit arises," *Dalrymple*, 701 A.2d at 167 (citation omitted). Here, the alleged wrong occurred at a discrete point in time, when the Prothonotary refused to accept the notice of appeal for filing, allegedly not doing that which ought to have been done, and it is at this junction that the claim accrued because it was the precise moment in which the party was entitled to institute a lawsuit to compel action. Further, by its very language, the six-month limitation period in section 5522(b)(1) of the Judicial Code applies to suits against a government official for "anything done in the execution of his office," and the definition of the term "anything" – "any thing whatever," "to any extent at all"[9] – is

---

[9] Webster's Third New International Dictionary, 97 (Gove ed., 1986).

12

broad enough to encompass the Prothonotary's conduct, to wit being presented with a notice of appeal, making a conscious choice not to file it, and informing Schneller of this choice.

Therefore, we reaffirm *Bensalem*, and in accordance with the rationale of that decision, conclude that Schneller's complaint in mandamus is barred by the six months statute of limitations in section 5522(b)(1) of the Judicial Code [10]

## Conclusion

For the reasons stated above, we conclude that the trial court did not err in sustaining the Prothonotary's preliminary objections and we affirm the trial court's order, which had the effect of dismissing the complaint with prejudice, *see supra* note 4, albeit on a different rationale than that of the trial court. We also deny Schneller's application to strike the Prothonotary's Supplemental Reproduced Record. *See supra* note 6. As mentioned above, Schneller has a prolific history of abusive and frivolous litigation pertaining to his deceased parents' care and treatment, and despite repeated admonishments from the courts and a permanent injunction at the trial court level

---

[10] Although Schneller's complaint contains a single count seeking a writ of mandamus, the allegations contained therein and in his appellate brief are replete with assertions that the Prothonotary acted maliciously and violated his constitutional rights. To the extent that Schneller could be deemed to have advanced constitutional tort law claims under section 1983, 42 U.S.C. §1983, or state law intentional tort claims, we conclude that they are barred by the doctrine of quasi-judicial immunity because the Prothonotary's refusal to file the notice of appeal was clearly done in connection with her official duties as an officer of the court, and also pursuant to the trial court's order enjoining Schneller from further *pro se* filings. *Lockhart v. Hoenstine*, 411 F.2d 455, 459-60 (3d Cir. 1969); *accord, e.g., Lyszkowski v. Gibbons*, (E.D. Pa., No. 15-2210, filed February 2, 2016) (unreported), slip op. at 5, 2016 U.S. Dist. LEXIS 11999, at **9-11; *Passrella v. Department of Corrections*, (M.D. Pa., Civil No. 3:14-CV-2066, filed February 6, 2015) (unreported), slip op. at 3 & n.1, 2015 U.S. Dist. LEXIS 14558, at **3 & n.1; *see also Guarrasi v. Scott*, 25 A.3d 394, 405 n.11 (Pa. Cmwlth. 2011); *Feingold v. Hill,* 521 A.2d 33, 36-38 (Pa. Super. 1987); *Kulesa v. Rex*, 519 F. App'x 743, 745-46 (3d Cir. 2013).

enjoining his litigation activities, he persists onward with his quest. Although this Court, in this particular appeal, declines to *sua sponte* impose attorney's fees against Schneller under Pa.R.A.P. 2744, we caution Schneller that vexatious and obdurate litigation violates the rules of appellate procedure. We remind Schneller that the appellate courts of this Commonwealth, in order to preserve their institutional integrity and limited resources, are vested with the authority to take appropriate action against one who knowingly and repeatedly files frivolous appeals. *See, e.g., Coulter v. Lindsay*, __ A.3d __ (Pa. Super, No. 627 WDA 2016, filed April 7, 2017).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James D. Schneller,                              :
                    Appellant               :
                                            :   No.  1316 C.D. 2016
            v.                              :
                                            :
Prothonotary of Montgomery County,          :
individually, and in his official           :
capacity, and his employees,                :
in their individual and official            :
capacities                                  :

## PER CURIAM

## ORDER

AND NOW, this 12th day of September, 2017, the July 11, 2016 order of the Court of Common Pleas of Montgomery County is hereby affirmed. The application filed by James D. Schneller to strike the Supplemental Reproduced Record filed by the Prothonotary of Montgomery County is denied.